IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CARMEN SEXTON** | : | |
| 625 Parkway Avenue | : | |
| Ewing, NJ 08625 | : | |
| Plaintiff, | : | CIVIL ACTION NO: 1:20-cv-01703 |
| | : | |
| v. | : | |
| | : | |
| **NEW JERSEY DEPARTMENT OF** | : | |
| **CORRECTIONS**, an | : | **Jury Trial Demanded** |
| Administrative Department of the | : | |
| State of New Jersey, | : | |
| Whitesey Road | : | |
| P. O. Box 863 | : | |
| Trenton, New Jersey 08625 | : | |
| Defendant | : | |

**COMPLAINT**
**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff brings this action under Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et seq. and (hereinafter, "ADA") and 42 U. S. C. §1988. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343. The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) inasmuch as Plaintiffs' causes of action arose in the District of New Jersey, and all the Defendants are found in the District of New Jersey.

3. Plaintiff Carmen Sexton is an adult individual presently aged 49 years old and a citizen of the State of New Jersey residing at 625 Parkway Avenue, Ewing, NJ 08625.

4. Defendant New Jersey Department of Corrections (hereinafter "NJDOC") is an Administrative agency of the State of New Jersey having a main business office at

1

Whitesey Road, P. O. Box 863, Trenton, New Jersey 08625.

5. At all times relevant hereto, Defendant NJDOC was a "covered entity" within the meaning of the American with Disabilities Act, 42 U.S.C.A. §12101 et seq., and an employer within the meaning of the New Jersey Law Against Discrimination, N. J. S. A. §10:5 - 1.

6. Defendant NJDOC oversees New Jersey's prisons and is tasked with housing, restraining, supervising and maintaining individuals charged with and/or convicted of crimes.

7. At all times material hereto, Defendant NJDOC acted or failed to act through its authorized agents, workmen and employees including, but not limited to, Mr. Borden Perlman (hereinafter Mr. Perlman), who was at all times then and there acting within the course and scope of his third-party employment and agency with Defendant NJDOC as a Risk Management Investigator.

8. At all times material hereto, Mr. Perlman was a third-party employee and agent of Defendant NJDOC hired to and charged with investigating NJDOC employees claiming medical injuries, and he acted in his own behalf and on behalf of Defendant NJDOC.

9. At all times relevant hereto, Defendant NJDOC was liable and responsible for Mr. Perlman's conduct either directly and/or vicariously under the doctrine of Respondeat Superior.

10. At all times material hereto, Mr. Perlman was acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from discrimination and retaliation for seeking an accommodation and treatment for a work-related injury.

## ADMINISTRATIVE PROCEDURES

11. Plaintiff filed charges of retaliation against Defendant NJDOC with the New Jersey Equal

Employment opportunity Commission, Charge No. 530 - 2020 - 00599 on 04 November 2019.

12. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Equal Employment Opportunity Commission dated 18 November 2019. A copy of the Notice of Suit Rights is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

13. Plaintiff Sexton was hired by Defendant NJDOC on or about December 23, 1995 in the position of Correctional Officer Recruit.

14. At all times relevant hereto, the character of her employment was good, and she was eventually promoted to the rank of Corrections Sergeant.

15. At all times relevant hereto, the work Plaintiff performed as a corrections officer required her to communicate with and supervise convicted criminals and was extremely difficult, mentally challenging and stressful.

16. As a direct result of working under extremely distressful conditions, Plaintiff began to suffer from Post Traumatic Stress Disorder ("PTSD").

17. As a direct result of the PTSD, Plaintiff Sexton suffered a nervous breakdown on February 11, 2019, which resulted in her being involuntarily hospitalized.

18. However, after treatment, the Plaintiff remained qualified and able to perform her duties as a Correctional Sergeant, albeit with some difficulty.

19. Thus, Plaintiff Sexton was a "qualified individual with a disability" in that she was and is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the position of Corrections Sergeant that she presently

holds and desires.

20. Although eligible to receive Workman's Compensation Benefits, New Jersey Risk Management, for and on behalf of Defendant NJDOC, suspended the Plaintiff's Workman's Compensation on or about April 20, 2019 for no other reason than that the Plaintiff had been hospitalized and suffered a residual disability.

21. The Americans With Disabilities Act (ADA) requires employers to provide "reasonable accommodation" to disabled employees who request it, and such accommodation is intended to allow employees to do their jobs when it would otherwise be difficult for them to remain in their positions.

22. Thereafter, the Plaintiff sought and requested from Defendant NJDOC a reasonable work accommodation regarding additional treatment to recover from her work-related injury and disability.

23. For no justifiable reason, Defendant NJDOC refused the Plaintiff's request for a reasonable accommodation.

24. Discriminating against a person on the basis of their disability is a practice made unlawful under the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et seq., and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §10:5-1 et seq. .

**RETALIATION**

25. Plaintiff Sexton engaged in a protected activity under the ADA when she requested that her employer, Defendant NJDOC, extend to her a reasonable accommodation following her hospitalization and treatment in February 2019.

26. After Plaintiff Sexton requested a reasonable work accommodation, but was denied the same, Defendant NJDOC engaged Borden Perlman, a third-party representative of New

        Jersey Risk Management, who in turn threatened the Plaintiff with termination or forced resignation.

27.    Plaintiff Sexton was threatened with termination or forced resignation for no other reason than to retaliate against her for asking for a reasonable work accommodation.

28.    Furthermore, the Plaintiff believes, and therefore avers, that Borden Perlman thereafter used electronic surveillance mechanisms, including geo-pinging/geo-targeting, to intimidate and harass the Plaintiff.

## FEDERAL CLAIMS

### COUNT I:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS
### Violation of 42 U.S.C.A. §12101 et seq. (§12112(a)).

29.    The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

30.    The Americans with Disabilities Act, 42 U.S.C.A. §12212(a) directs that:  No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31.    The acts and failures to act of Defendant New Jersey Department of Corrections constituted an unlawful discriminatory act proscribed by 42 U.S.C.A. §12112 in that Defendant NJDOC discriminated against the Plaintiff because of her disability in regard to the terms, conditions, and privileges of her employment as a Corrections Sergeant when it refused her request for a reasonable accommodation.

32. The acts and failures to act of Defendant New Jersey Department of Corrections, both directly and indirectly, by and through its agents, workmen and employees, constituted an unlawful employment proscribed by 42 U.S.C.A. §12112(a).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant New Jersey Department of Corrections in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorneys' fees as allowed by 42 U. S. C. §1988.

### COUNT II:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS
### Violation of 42 U.S.C.A. §12101 et seq. (§12203(b)).

33. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

34. The Americans with Disabilities Act, 42 U.S.C.A. §12203(b) directs that: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

35. The acts and failures to act of Defendant New Jersey Department of Corrections constituted an unlawful discriminatory act proscribed by 42 U.S.C.A. §12203(b) in that Defendant NJDOC retaliated against the against the Plaintiff for asking for a reasonable accommodation, which is considered a "protected activity" within the meaning of the Americans with Disabilities Act, 42. U.S.C.A. §42 U.S.C.A. §12101 et seq.

36. The acts and failures to act of Defendant New Jersey Department of Corrections, both directly and indirectly, by and through its agents, workmen and employees, constituted an

unlawful employment proscribed by 42 U.S.C.A. 23(b).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant New Jersey Department of Corrections in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorneys' fees as allowed by 42 U. S. C. §1988.

## STATE LAW CLAIMS

**COUNT III:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS**
**Violation of N.J.S.A. §10:5 - 1, 10:5 - 12(11)(a))**

37. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

38. N.J.S.A. 10:5-12(11)(a) makes it unlawful "For an employer, because of the ....disability.... (to) require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment; ....".

39. Defendant New Jersey Department of Corrections, by and through its workman, agent and employee, Mr. Borden Perlman, discriminated against the Plaintiff because she suffered a nervous breakdown in February 2019, was hospitalized briefly, and was disabled but returned to work thereafter, which is forbidden by N.J.S.A. 10:5-12(a).

40. Defendant New Jersey Department of Corrections is directly and vicariously liable for the acts and failures to act of its workman, agent and employee, Mr. Borden Perlman, whose conduct constituted Unlawful Discriminatory Practices as proscribed by N.J.S.A. 10:5-12(a).

41. The Defendant's conduct constituted Unlawful Discriminatory Practice as proscribed by

N.J.S.A. 10:5-12(a).

**WHEREFORE**, the Plaintiff seeks compensatory damages from Defendant New Jersey Department of Corrections in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys' fees as may be allowed under New Jersey Law.

**COUNT IV:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS**
**Violation of N.J.S.A.  §10:5 - 1, 10:5 - 12(d)**

42. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

43. N.J.S.A. 10:5-12(d) makes it unlawful "For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act....".

44. Defendant New Jersey Department of Corrections, by and through its workman, agent and employee, Mr. Borden Perlman, discriminated against the Plaintiff because she sought a reasonable accommodation. filed a disability claim against Defendant and complained about discrimination against her because of her national origin, which is forbidden by N.J.S.A. 10:5-12(d).

45. Defendant New Jersey Department of Corrections is directly and vicariously liable for the acts and failures to act of its workman, agent and employee, Mr. Borden Perlman, whose conduct constituted Unlawful Discriminatory Practices as proscribed by N.J.S.A. 10:5-12(d).

46. The Defendant's conduct constituted Unlawful Discriminatory Practice as proscribed by N.J.S.A. 10:5-12(d).

**WHEREFORE**, the Plaintiff seeks compensatory damages from Defendant New Jersey

Department of Corrections in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys fees as may be allowed under New Jersey Law.

## JURY DEMAND

Plaintiff demands a jury trial in this action.

Respectfully submitted,

Date: February 14, 2020

s/ *Zainab K. Ali*
Zainab Ali
NJ Attorney ID No. 183542016
Mincey Fitzpatrick Ross LLC
1500 John F. Kennedy Blvd, Suite 1525
Philadelphia, PA 19102
(215) 587-0006
Zainab@MinceyFitzRoss.com